| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>--------------------------------------------------------------x<br>JAMES FIZZIGNOLIA,<br> Plaintiffs, <br>- against -<br><br>THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), POLICE OFFICER "CASSELLS," POLICE OFFICERS "JOHN DOE" # 1-5, individually and in Their Official Capacities (the name John Doe being fictitious, as their true names are presently unknown), POLICE OFFICERS "JANE DOE" # 1-5, individually and in their Official Capacities (the name Jane Doe being fictitious, as their true names are presently unknown), THE OFFICE OF DISTRICT ATTORNEY, BRONX COUNTY, Assistant District Attorney JORDAN FLEISHER, WILCOX RESTORATION CORP. and EDWARD KELLY,<br> Defendants. <br>--------------------------------------------------------------x | : : : : : : : : : : : : : : : : : : : : : : : | **COMPLAINT**<br><br>**Civil Action No.:** _____ |

Plaintiff, JAMES FIZZIGNOLIA, by his attorneys, EZRA B. GLASER & ASSOCIATES, complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of his civil rights and attorneys fees, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also brings this action for violation of his rights under New York State law.

## NATURE OF THE ACTION

2.      This is an action to recover damages for violation of Violation of Civil Rights,

Malicious Prosecution, Malicious Process, and Municipal Liability Pursuant to 42 U.S.C. § 1983 and for attorneys' fees pursuant to 42 U.S.C. § 1988.

3.      In connection with Plaintiff JAMES FIZZIGNOLIA's unlawful arrest, defendant officers intentionally filled out false and misleading reports, and forwarded these false reports to prosecutors in the Bronx County District Attorney's office. Throughout the prosecution, the Defendant, THE OFFICE OF THE DISTRICT ATTORNEY, BRONX COUNTY, attained exonerable evidence but continued the prosecution knowing, based on the evidence, that there was no basis to move forward with the prosecution due to the lack of probable cause.

**VENUE AND JURISDICTION**

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. Section. §1331 and § 1343 and 28 U.S.C. Section 1367, 42 U.S.C. § 1983 and  42 U.S.C. §1988.

5.      Venue is proper in the Southernn District of New York, pursuant to 28 U.S.C. Section 1391, because all events giving rise to the claim have occurred within the Southern  District of New York and Plaintiff resides in the Southern District of New York.

6.      Jurisdiction in this matter is proper as Plaintiff JAMES FIZZOGNOLIA is a resident of the Southern District Of New York.

7.      Jurisdiction in this matter is proper as Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), POLICE OFFICER "CASSELLS," POLICE OFFICERS "JOHN DOE" # 1-5, individually and in Their Official Capacities (the name John Doe being fictitious, as their true names are presently unknown),  POLICE OFFICERS "JANE DOE" # 1-5, individually and in their Official Capacities (the name Jane Doe being fictitious, as their true names are presently unknown), THE OFFICE OF DISTRICT ATTORNEY, BRONX COUNTY, Assistant District Attorney Jordan Fleisher and EDWARD KELLY are

residents of the State of New York and/or municipal corporations incorporated in the State of New York and carry out their public functions and duties within the State of New York.

8.      Venue in this matter is proper in this District because the Defendants conduct business within this District, and the acts and/or omissions claimed herein alleged took place within this District.

## THE PARTIES

9.      On March 15, 2022, and at all times hereinafter mentioned, the Plaintiff, JAMES FIZZIGNOLIA is and was a resident of the County of Bronx, City and State of New York.

10.     Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

12.     On March 15, 2022, and at all times hereinafter mentioned, the Defendants, POLICE OFFICER "CASSELLS," POLICE OFFICERS "JOHN DOE" # 1-5, individually and in Their Official Capacities (the name John Doe being fictitious, as their true names are presently unknown),  POLICE OFFICERS "JANE DOE" # 1-5, individually and in their Official Capacities (the name Jane Doe being fictitious, as their true names are presently unknown) were Police Officers and/or employees of the NYPD 45th Precinct, a subdivision of the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, under the auspices and/or authority of THE CITY OF NEW YORK, and, as such, were acting with the scope

of their duties at the time of the acts complained herein.

13. On March 15, 2022, and at all times hereinafter mentioned, the Defendant, THE OFFICE OF THE DISTRICT ATTORNEY, BRONX COUNTY, maintained, controlled, and existed as a duly-authorized public authority, authorized to perform all functions of a District Attorney's Office under the applicable sections of the New York State Law and the New York State Criminal Procedure Law, with prosecutors and/or investigators acting under the direction and supervision of the aforementioned prosecutor's office.

14. On March 15, 2022, and at all times hereinafter mentioned, the Defendant, Assistant District Attorney JORDAN FLEISHER, is and was a prosecutor, agent, servant and/or employee of the Defendant, THE OFFICE OF THE DISTRICT ATTORNEY, BRONX COUNTY, with all the power and authority inherent thereto.

15. At all times hereinafter mentioned, the aforementioned defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16. Each and all of the acts of the aforementioned defendants alleged herein were performed by said Defendants while acting within the scope of their employment by Defendant, City of New York, the New York City Police Department and The Office of the District Attorney, Bronx County.

17. That upon information and belief, on March 15, 2022, Defendant EDWARD KELLY, was and is a resident of the County of Bronx, City and State of New York. At all times hereinafter mentioned, Defendant EDWARD KELLY acted as principal, agent, servant and/or employee of WILCOX RESTORATION CORP., and the cause of the false arrest,

malicious prosecution and abuse of process of the Plaintiff, JAMES FIZZIGNOLIA.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
**(Violation of the Civil Rights Pursuant to 42 U.S.C. § 1983)**

18.     At all times hereinafter mentioned, the Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above numbered "1" through "17" with the same force and effect as if fully set forth herein.

19.     On March 15, 2022, and at all times hereinafter mentioned, the Plaintiff, JAMES FIZZIGNOLIA, is and was a resident of Bronx County, City and State of New York.

20.     On March 15, 2022, and at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.  n

21.     On March 15, 2022, and at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, maintained, controlled, and managed the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, a duly-authorized public authority, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

22.     On March 15, 2022, and at all times hereinafter mentioned, the Defendant, one Police   Officer Cassells (hereinafter, "OFFICER CASSELLS"), as an employee of the 45th Precinct  of the New York City Police Department (hereinafter, "NYPD 45th Precinct") was acting under the auspices and/or authority of the Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, at the time of the events at issue in this lawsuit.

23.     On March 15, 2022, and at all times hereinafter mentioned, the Defendants, a group of anonymous Police Officers within the NYPD 45th Precinct (hereinafter, "JOHN DOES " or

"JANE DOES"), were the employees of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and thus were acting under the auspices and/or authority of said Defendants at the time of the events at issue in this lawsuit.

24.    On March 15, 2022, and at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, and its employees within the NYPD 45th Precinct, including Defendants OFFICER CASSELLS and "John Does" or "Jane Does") were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York.

25.    On March 15, 2022, and at all times hereinafter mentioned, the Plaintiff, JAMES FIZZIGNOLIA was an inmate, detained by THE NEW YORK CITY POLICE DEPARTMENT, at the location of the NYPD 45th Precinct in the County of Bronx, State of New York on the date herein alleged.

26.    On March 15, 2022, upon information and belief, the Plaintiff, JAMES FIZZIGNOLIA, was falsely accused by his landlord of cutting tires on his vehicle. The Plaintiff was falsely accused of a crime when, in fact, said Plaintiff was more than 50 miles away in Danbury, Connecticut, during time of alleged criminal act. The Plaintiff was further falsely arrested by the Defendant, OFFICER CASSELS, an employee of the NYPD 45th Precinct, a couple of months later with no proper police investigation.

27.    Based on the aforementioned false allegations, on or about March 15, 2022, the Plaintiff, JAMES FIZZIGNOLIA, was placed into a holding cell for a period of five hours. The Plaintiff was   further unlawfully denied food, medical attention, and/or access to counsel.

28.    The allegations made against the Plaintiff were unsubstantiated and false, and the criminal case brought against him is still pending.  Dismissal of the matter is anticipated due to the

lack of evidence against the Plaintiff that has existed during the course of the within prosecution.

29.     That the criminal charges filed against the Plaintiff were patently false and are pending dismissal due to the lack of evidence.

30.     That prior to the date hereto, on March 15, 2022, within the time prescribed by law, a sworn   Notice of Claim was filed, stating, among other things, the time when and place where the   injuries and damages were sustained, together with Plaintiff's demands for adjustment or payment thereof, and that thereafter THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT refused or neglected for more than (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter,  and within the time provided by law, this action was commenced.

31.     That the forgoing false arrest was committed due to the recklessness, carelessness, and negligent conduct of the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER CASSELLS, and "John Does" or "Jane Does" at the time of the events at issue in this lawsuit, who allowed, set up, created, and reinforced the false allegation and the false arrest of the Plaintiff, JAMES FIZZIGNOLIA.

32.     That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER CASSELLS, and ANONYMOUS POLICE OFFICERS, acted with intent to do harm to the Plaintiff, JAMES FIZZIGNOLIA, without excuse or justification.

33.     That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER CASSELLS, and and "John Does" or "Jane Does, did not have enough facts to allow a reasonable person to infer that the Plaintiff, JAMES FIZZIGNOLIA, did not cut tires of his landlord's vehicle.

34.     That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER CASSELLS, and "John Does" or "Jane Does," initiated or continued the initial case with an improper purpose.

35.     That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and OFFICER CASSELLS, and "John Does" or "Jane Does," are therefore responsible for the institution or continuation of the baseless case against the Plaintiff.

36.     That as a result of the foregoing false arrest committed upon the Plaintiff, JAMES FIZZIGNOLIA, by the aforementioned police officers and/or other employees of the Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, said Plaintiff sustained loss of life, liberty, and freedom, as well as emotional distress, embarrassment, and mental anguish, and loss of his good name among his peers.

37.     That by reason of the foregoing and the negligence of the said Defendants, this Plaintiff, JAMES FIZZIGNOLIA, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

38.     The Plaintiff, JAMES FIZZIGNOLIA, seeks damages in the amount of One Hundred Thousand dollars ($100,000) for Civil Rights violations under 42 U.S.C. § 1983 and for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other legal and equitable relief as this Court deems just and proper in this first cause of action.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Malicious Prosecution Under 42 U.S.C. § 1983)**

39.     At all times hereinafter mentioned, the Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above numbered "1" through "38" with the same force and

effect as if fully set forth herein.

40.     The acts complained of herein were carried out by the aforementioned Defendant police officers, including OFFICER CASSELLS and "John Does" or "Jane Does," the employees of THE NEW YORK CITY POLICE DEPARTMENT, pursuant to the customs, policies, usages, practices, procedures, and rules of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, and under the supervision of ranking officers of THE NEW YORK CITY POLICE DEPARTMENT.

41.     The existence of customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

42.     Each of the Defendants, individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of their respective municipality/authority, which is forbidden by the Constitution of the United States.

43.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented and supported by numerous civil rights actions filed against THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

44.     The foregoing customs, policies, usages, practices, procedures, and rules of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by the Plaintiff, as alleged herein.

45.     The Defendants, THE NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK, OFFICER CASSELLS, and "John Does" or "Jane Does," collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional

conduct and were directly responsible for the violation of the Plaintiffs' constitutional rights.

46.     The aforementioned customs, policies, usages, practices, procedures and rules of

THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK include, but

are not limited to, the following unconstitutional practices:

  a.  Arresting an innocent person notwithstanding the existence of credible
      evidence which exonerates the accused of any criminal wrongdoing;
  b.  Subjecting an innocent person to arrest which fails to conform to
      fundamental standards of due process as recognized by this and other
      jurisdictions throughout the United States.

47.     That all of the foregoing acts by Defendants deprived Plaintiff of federally

protected rights, including, but not limited to, the right:

  i.   Not to be deprived of liberty without due process of law;

  ii.  To be free from seizure and arrest not based upon probable cause;

  iii. To be free from unwarranted and malicious criminal prosecution;

  iv.  Not to have cruel and unusual punishment imposed upon him; and

  v.   To receive equal protection under the law.

48.     All of the aforementioned acts deprived Plaintiff, JAMES FIZZIGNOLIA of the

rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth,

Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America,

and in violation of 42 U.S.C. §1983.

49.     The various individual Defendants, as police officers and/or employees of the

Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW

YORK, including but not limited to OFFICER CASSELLS and "John Does" or "Jane Does,"

falsely arrested and otherwise violated the constitutional rights of the Plaintiff, JAMES

FIZZIGNOLIA, notwithstanding their knowledge that their actions would jeopardize the

Plaintiff's well-being, safety, and constitutional rights.

50.     The Plaintiff brings this pendent state law claim against Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER CASSELLS, and "John Does" or "Jane Does," for arresting the aforesaid Plaintiff, or aiding and abetting in said actions.

51.     The foregoing arrest and violations of the Plaintiff's civil and constitutional rights committed by the aforesaid Police Officers and/or employees of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK against the Plaintiff, JAMES FIZZIGNOLIA, occurred due to the Defendants' actual malice toward the Plaintiff.

52.     That as a result of the foregoing, the Plaintiff, JAMES FIZZIGNOLIA, sustained loss of life, liberty, and freedom, as well as emotional distress, embarrassment, mental anguish, and loss of his good name among his peers.

53.     By reason of the foregoing and the negligence of the said Defendants, this Plaintiff, JAMES FIZZIGNOLIA, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

54.     The Plaintiff, JAMES FIZZIGNOLIA, seeks damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for Malicious Prosecution Rights violations under 42 U.S.C. § 1983 and for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other legal and equitable relief as this Court deems just and proper in this second cause of action.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Malicious Abuse of Process Under 42 U.S.C. § 1983)**

55.     At all times hereinafter mentioned, Plaintiff, JAMES FIZZIGNOLIA, repeats,

reiterates and realleges each and every allegation set forth above numbered "1" through "54" as if more fully set forth at length herein.

56.     The aforementioned individual defendants issued legal process to place Plaintiff JAMES FIZZIGNOLIA under arrest.

57.     The aforementioned individual defendants arrested Plaintiff JAMES FIZZIGNOLIA in order to obtain a collateral objective outside the legitimate ends of the legal process.

58.     The aforementioned individual defendants acted with intent to do harm to Plaintiff JAMES FIZZIGNOLIA, without excuse or justification.

59.     As a result of the foregoing, Plaintiff JAMES FIZZIGNOLIA sustained, *inter alia*, deprivation of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

60.     The Plaintiff, JAMES FIZZIGNOLIA, seeks damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for Malicious Abuse of Process violations under 42 U.S.C. § 1983 and for attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in this third cause of action.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
**(Denial of Constitutional Right to a Fair Trial Under**
**42 U.S.C. § 1983 Based on Fabricated Evidence)**

61.     Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "60" as though fully set forth herein.

62.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

63.     Defendants created false evidence against the Plaintiff, JAMES FIZZIGNOLIA.

64.     Defendants forwarded false evidence and false information to prosecutors in THE OFFICE OF DISTRICT ATTORNEY, BRONX COUNTY.

65.     In creating false evidence against the Plaintiff, JAMES FIZZIGNOLIA, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, Defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

66.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

67.     As a result of the foregoing, the Plaintiff, JAMES FIZZIGNOLIA, has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) and is further entitled to punitive damages on this fourth cause of action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Municipal Liability Under 42 U.S.C. § 1983)**

68.     That at all times hereinafter mentioned, Plaintiff, JAMES FIZZIGNOLIA, repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "67" as if more fully set forth at length herein.

69.     Defendants P.O.s "JOHN DOE" # 1-10, arrested and incarcerated Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

70.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

71.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

72.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

73.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

74.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

75.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff JAMES FIZZIGNOLIA was falsely arrested and incarcerated for approximately five hours.

76.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff JAMES FIZZIGNOLIA Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

77.    All of the foregoing acts by defendants deprived Plaintiff JAMES FIZZIGNOLIA of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;
      B.    To be free from seizure and arrest not based upon probable cause;

    C.      To be free from unwarranted and malicious criminal prosecution;

    D.      Not to have cruel and unusual punishment imposed upon them; and

    E.      To receive equal protection under the law.

78.    The Plaintiff, JAMES FIZZIGNOLIA, seeks damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for Malicious Liability violations under 42 U.S.C. § 1983 and for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other legal and equitable relief as this Court deems just and proper in this fifth cause of action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Under N.Y. State Law: False Arrest)

79.    Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "78" as though fully set forth herein.

80.    Plaintiff has complied with all the conditions precedent of the bringing of this action and has complied with all provisions of the Charter of the City of New York, and the Plaintiff has, prior to the bringing of this action and within ninety days from Plaintiff's release from jail hereinafter described were received, duly served notice upon the City of New York of the intention to sue upon the claim set forth. More than ninety days have elapsed since the presentation of the Notice of Claim, and that the said claim remains unadjusted and the said Comptroller of the City of New York has failed and/or refused to make any adjustment thereof. Plaintiff plans on appearing for a hearing pursuant to Municipal Law §50-h, once notice of said hearing is received.

81.    The Defendant Police Officers willfully and intentionally arrested the Plaintiff, JAMES FIZZIGNOLIA, without probable cause and without a reasonable basis to believe such cause existed.

82.    By so doing, the Defendant Police Officers subjected the Plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

83.     As a result of the foregoing, the Plaintiff, JAMES FIZZIGNOLIA, has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) and is further entitled to punitive damages on the sixth cause of action.

### AS AND FOR A  SEVENTH CAUSE OF ACTION
### (Under N.Y. State Law: Mental Anguish)

84.     That at all times hereinafter mentioned, Plaintiff, JAMES FIZZIGNOLIA, repeats, reiterates  and realleges each and every allegation set forth above numbered "1" through "83" as if more  fully set forth at length herein.

85.     That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to exercise reasonable care and diligence in the selection and hiring of its agents, servants, and/or employees, including OFFICER CASSELLS.

86.     That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to exercise reasonable care and diligence in the engagement, supervision, and training of its agents, servants and/or employees, including OFFICER CASSELLS.

87.     That as a result of the foregoing, the Plaintiff, JAMES FIZZIGNOLIA, sustained loss of life, liberty, and freedom, as well as emotional distress, embarrassment, mental anguish, and loss of his good name among his peers.

88.     That by reason of the foregoing and the negligence of the said Defendants, this Plaintiff, JAMES FIZZIGNOLIA, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

89.     The Plaintiff, JAMES FIZZIGNOLIA, seeks damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for Mental Anguish and for attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in this seventh cause of action.

## AND AS FOR AN EIGHTH CAUSE OF ACTION
### (Under N.Y. State Law: Malicious Prosecution)

90.     Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "89" as though fully set forth herein.

91.     Defendants misrepresented and falsified evidence before the Assistant District Attorney.

92.     Defendants did not make a complete and full statement of facts to the Assistant District Attorney.

93.     Defendants withheld exculpatory evidence from the Assistant District Attorney.

94.     Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff, JAMES FIZZIGNOLIA.

95.     Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff, JAMES FIZZIGNOLIA.

96.     Defendants acted with malice in initiating criminal proceedings against the Plaintiff, JAMES FIZZIGNOLIA.

97.     Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff, JAMES FIZZIGNOLIA.

98.     Defendants lacked probable cause to continue criminal proceedings against the Plaintiff, JAMES FIZZIGNOLIA.

99.     Defendants acted with malice in continuing criminal proceedings against the Plaintiff, JAMES FIZZIGNOLIA.

100.     Defendants misrepresented and/or falsified evidence throughout all phases of the criminal proceedings.

101.     As a result of the foregoing, the Plaintiff, JAMES FIZZIGNOLIA, has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) and is further entitled to punitive damages on the eighth cause of action.

### AS AND FOR A NINTH OF ACTION
**(Negligent Hiring/Training/Retention)**

102.     Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "101" as though fully set forth herein.

103.     Defendant THE CITY OF NEW YORK owed a duty to the public at large, including but not limited to the Plaintiff, JAMES FIZZIGNOLIA, to exercise reasonable care in the selection, hiring, and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

104.     Defendant THE CITY OF NEW YORK failed to use reasonable care when it hired Police Officers CASSELLS, "JOHN DOE" #1-5, and "JANE DOE" #1-5.

105.     Defendant THE CITY OF NEW YOK failed to make reasonable inquiries into the background of the subject Defendants, and in particular, into their fitness as police officers.

106.     Had Defendant THE CITY OF NEW YORK used reasonable care in inquiring into the background of these Defendants, it would have learned that they were patently unqualified for this position, and it would not have hired them.

107.     As a result of the foregoing, Defendant THE CITY OF NEW YORK breached its duty to use reasonable care in the selection and hiring of all of its employees.

108.    As a result of THE CITY OF NEW YORK's negligence in hiring Defendants, the Plaintiff, JAMES FIZZIGNOLIA, was falsely arrested and spent approximately five hours in jail on completely baseless criminal charges.

109.    Notwithstanding THE CITY OF NEW YORK's knowledge of the propensities of these Defendants, and their patently deficient qualifications, Defendant THE CITY OF NEW YORK retained these Defendants as employees.

110.    In choosing to hire, and then retain, the subject Defendants, Defendant THE CITY OF NEW YORK breached its duty to the public at large, and to the Plaintiff, JAMES FIZZIGNOLIA, in particular, to use reasonable care in the selection of its employees.

111.    By reason of the foregoing, the, Plaintiff, JAMES FIZZIGNOLIA, is entitled to recover full compensatory damages, including damages for pain and suffering, severe emotional distress psychological trauma, past lost earnings, and future lost earnings, from Defendant THE CITY OF NEW YORK.

112.    As a result of the foregoing, the Plaintiff, JAMES FIZZIGNOLIA, has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) and is further entitled to punitive damages on the ninth cause of action.

## JURY DEMAND

113.    Plaintiff demands trial by jury of all matters relevant to the within action.

WHEREFORE, the Plaintiff JAMES FIZZIGNOLIA respectfully demands the following relief:

A.  A money judgment against Defendants for damages including, but not limited to, loss of freedom, legal fees incurred for frivolous criminal case, other economic damages, shame, humiliation, and mental distress;

B.  Penalties available under applicable laws;

C.  Costs of the within action incurred herein, including attorney's, lost wages, and expert fees;

D.  Attorneys' fees, including fees pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 216, and other applicable statutes;

E.  Punitive damages against defendants;

F.  Pre-judgement and post-judgement interest, as provided by law;

G.  A declaration that the acts and practices complained of herein violated 42 U.S.C. § 1983, 42 U.S.C. § 1988 and state law;

H.  Such other and further legal and equitable relief as this Court deems appropriate, just and proper.

DATED:        Brooklyn, New York
              July 20, 2023

                            Yours, etc.


                            _____
BY:          EZRA B. GLASER
             EZRA B. GLASER & ASSOCIATES
             *Attorneys for the Plaintiffs*
             **JAMES FIZZIGNOLIA**
             3021 Fort Hamilton Parkway, #1R
             Brooklyn, New York 11218
             Phone: (212) 385-9300

Civil Action #: _____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------X

JAMES FIZZIGNOLIA,

                                                                    Plaintiffs,


                                        -against-


THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT ("NYPD"), POLICE OFFICER "CASSELLS," POLICE
OFFICERS "JOHN DOE" # 1-5, individually and in Their Official
Capacities (the name John Doe being fictitious, as their true names are
presently unknown),   POLICE OFFICERS "JANE DOE" # 1-5,
individually and in their Official Capacities (the name Jane Doe being
fictitious, as their true names are presently unknown), THE OFFICE OF
DISTRICT ATTORNEY, BRONX COUNTY, Assistant District Attorney
JORDAN FLEISHER, WILCOX RESTORATION GROUP and
EDWARD KELLY,

                                                                    Defendants.

-----------------------------------------------------------------------------------------X

# SUMMONS AND COMPLAINT

-----------------------------------------------------------------------------------------X

### EZRA B. GLASER & ASSOCIATES.
Attorneys for the Plaintiffs
JAMES FIZZIGNOLIA
3021 Fort Hamilton Parkway, Suite 1R
Brooklyn, New York 11218
Phone: (212) 385-9300
Fax:   (347) 282-2296