

| MURIEL GOODE-TRUFANT<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | SEEMA KASSAB<br>*Senior Counsel*<br>phone: (212) 356-0827<br>skassab@law.nyc.gov |
|---|---|---|

July 11, 2024

**VIA ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   James Fizzignolia v. City of New York, et al.
       23-cv-06283 (PKC)

Your Honor:

> *[Handwritten annotation:]* Denied without prejudice to compliance with Individual Practice at 1(A)(iii), 1(C)(i)(iii), (v) 2(vi). Let plaintiff show cause in writing within seven (7) days of this Order why he ought not be compelled to provide the releases described in the last sentence of the second paragraph of ECF 25. ECF 25 should be terminated. SO ORDERED. /s/ USDJ 7-11-24

     I am a Senior Counsel at the New York City Law Department, and the attorney for defendants City of New York, New York City Police Department, Detective Dean Cassels, the Bronx County District Attorney's Office, and Assistant District Attorney Jordan Fleisher. Defendants write to request 1) that the Court order plaintiff to provide certain executed releases by a date certain, and 2) a sixty (60) day extension of time to complete depositions and fact discovery, until September 16, 2024. Plaintiff's counsel, Ezra Glaser, consents to the second request.

     By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that he was falsely arrested on March 15, 2022 by New York City Police Department officers because his landlord, co-defendant Edward Kelly, accused him of cutting the tires on his vehicle. Defendants served discovery demands upon plaintiff on April 3, 2024. Accordingly, the responses thereto were due on or about May 3, 2024. Plaintiff, however, did not provide his responses until June 24, 2024. Further, said responses were deficient in that plaintiff failed to provide certain executed releases. As such, on June 25, 2024, defendants emailed plaintiff requesting that plaintiff cure the deficiencies in his responses within two weeks; however, to date, plaintiff has failed to do so. Among the missing releases are 1) a blanket unsealing release pursuant to New York Criminal Procedure Law § 160.50, 2) an employment authorization release related plaintiff's employment for the last five years, 3) a tax return form and authorization release, and 4) a release for plaintiff's healthcare insurance coverage records.

     Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." As for the § 160.50 release, it is necessary for defendants to obtain information pertaining to plaintiff's criminal history, which is relevant to plaintiff's credibility and/or damages. See Taylor v. City of New York, 2020 U.S. Dist. LEXIS 209279, *9 (S.D.N.Y Nov. 9, 2020); Nunez v. City of New York, No. 11 Civ. 5845 (LTS) (JCF), 2013 U.S. Dist. LEXIS 70812, at *10 (S.D.N.Y. May 17, 2013); Cicero v. City of New York, No. 11 Civ. 360 (NGG)(CLP), 2011 U.S. Dist. LEXIS 80880, at *3 (E.D.N.Y. July 25, 2011) (a person suffers less damages in a §1983 lawsuit if they have been incarcerated previously). Furthermore, the tax form/release and employment authorization form are relevant to plaintiff's claim for lost income. Lastly, plaintiff's health insurance records are relevant to plaintiff's alleged physical and emotional damages as plaintiff claims he treatment at the Veterans Affairs Medical Center in connection with this incident.

Since all the above records are essential to this litigation, particularly before a comprehensive deposition of plaintiff can take place, defendants also make a request for 60 additional days to complete depositions and fact discovery in this matter until September 16, 2024, and further request that the Court order plaintiff to provide the above-mentioned releases by a date certain in the near future.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Seema Kassab*
Seema Kassab
*Senior Counsel*
Special Federal Litigation Division

cc:    **Via ECF**
       Ezra Glaser
       *Attorney for Plaintiff*